in response to approximately 227 fraudulent warranty claims that sought to obtain computer hardware with a retail value of approximately $600,000.

19.     Defendant JUSTIN DAVID MAY and one or more co-schemers unknown to the grand jury tracked the shipment of the Microsoft computer hardware through UPS and FedEx.

20.     Defendant JUSTIN DAVID MAY traveled from his residence in the District of Delaware to the locations to which Microsoft had shipped the computer hardware, including locations in the Eastern District of Pennsylvania.

21.     Defendant JUSTIN DAVID MAY obtained the Microsoft computer hardware from the locations to which it had been shipped, including from locations in the Eastern District of Pennsylvania, by posing as the intended recipient.

22.     Defendant JUSTIN DAVID MAY travelled with the fraudulent-obtained Microsoft computer hardware across state lines, including from the Eastern District of Pennsylvania to his residence in the District of Delaware.

23.     Defendant JUSTIN DAVID MAY and his co-schemers ignored Microsoft's repeated communications seeking the return of the supposedly faulty computer hardware, and did not return any computer hardware to Microsoft, because defendant MAY and his co-schemers had never owned the supposedly faulty computer hardware in the first place.

24.     Defendant JUSTIN DAVID MAY sold some of the Microsoft computer hardware he obtained in this manner via eBay.

25.     Defendant JUSTIN DAVID MAY shipped some of the Microsoft computer hardware he had obtained in this manner to a co-schemer located in Singapore

## MAIL FRAUD

26.     On or about each of the following dates, in the Eastern District of

Pennsylvania, the District of Delaware, and elsewhere, defendant

### JUSTIN DAVID MAY

alone and with one or more co-schemers unknown to the grand jury, for the purpose of executing

the scheme described above, and attempting to do so, and aiding and abetting its execution,

knowingly caused to be delivered by mail and commercial interstate carriers, according to the

directions thereon, the following items:

| COUNT | DATE | FROM | TO | DESCRIPTION OF ITEM |
|---|---|---|---|---|
| SIXTEEN | August 3, 2017 | Louisville, Kentucky | Wilmington, Delaware | Microsoft Surface device, shipped via FedEx, tracking # 741512347253, in response to Microsoft SR # 1393747451 |
| SEVENTEEN | October 4, 2017 | Louisville, Kentucky | Springfield, Pennsylvania | Microsoft Surface device, shipped via UPS, tracking # 1ZY549V70358522972, in response to Microsoft SR # 1399778766 |
| EIGHTEEN | October 20, 2017 | Louisville, Kentucky | Springfield, Pennsylvania | Microsoft Surface device, shipped via UPS, tracking # 1ZY549V70359184934, in response to Microsoft SR # 1401823364 |
| NINETEEN | November 3, 2017 | Louisville, Kentucky | Springfield, Pennsylvania | Microsoft Surface device, shipped via UPS, tracking # 1ZY549V70359968516, in response to Microsoft SRs # 1399800189 and 1403129284 |

| COUNT | DATE | FROM | TO | DESCRIPTION OF ITEM |
|-------|------|------|-----|---------------------|
| TWENTY | November 3, 2017 | Louisville, Kentucky | Springfield Pennsylvania | Microsoft Surface device, shipped via UPS, tracking # 1ZY549V70359968472, in response to Microsoft SRs # 1399800401 and 1403129577 |
| TWENTY-ONE | November 4, 2017 | Louisville, Kentucky | Springfield, Pennsylvania | Microsoft Surface device, shipped via UPS, tracking # 1ZY549V70360037233, in response to Microsoft SRs # 1399800562 and 1403260598 |
| TWENTY-TWO | November 4, 2017 | Louisville, Kentucky | Springfield, Pennsylvania | Microsoft Surface device, shipped via UPS, tracking # 1ZY549V70360037199, in response to Microsoft SRs # 1399800718 and 1403260676 |
| TWENTY-THREE | September 14, 2017 | Wilmington, Delaware | Simei, Singapore | Four Microsoft Surface devices, shipped via FedEx, tracking # 787733132630 |
| TWENTY-FOUR | September 27, 2017 | Wilmington, Delaware | Simei, Singapore | Eighteen Microsoft Surface devices, shipped via FedEx, tracking # 787880018918 |

All in violation of Title 18, United States Code, Sections 1341, 3559(g), and 2.

## COUNTS TWENTY-FIVE THROUGH FORTY

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 45 of Count One are incorporated here.

2. On or about the dates set forth below, in Boothwyn, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JUSTIN DAVID MAY

knowingly conducted the following financial transactions affecting interstate commerce:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| TWENTY-FIVE | June 21, 2016 | Cashed check at Boothwyn Check Cashing, check number 2343 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $7,000, and received approximately $6,860 cash. |
| TWENTY-SIX | July 28, 2016 | Cashed check at Boothwyn Check Cashing, check number 2381 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $7,200, and received approximately $7,056 cash. |
| TWENTY-SEVEN | August 31, 2016 | Cashed check at Boothwyn Check Cashing, check number 2407 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $11,000, and received approximately $10,780 cash. |
| TWENTY-EIGHT | September 13, 2016 | Cashed check at Boothwyn Check Cashing, check number 2415 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $12,600, and received approximately $12,348 cash. |
| TWENTY-NINE | October 13, 2016 | Cashed check at Boothwyn Check Cashing, check number 2443 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $20,000, and received approximately $19,600 cash. |
| THIRTY | October 26, 2016 | Cashed check at Boothwyn Check Cashing, check number 2455 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $15,000, and received approximately $14,700 cash. |
| THIRTY-ONE | November 25, 2016 | Cashed check at Boothwyn Check Cashing, check number 2481 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $12,000, and received approximately $11,760 cash. |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| THIRTY-TWO | December 1, 2016 | Cashed check at Boothwyn Check Cashing, check number 2490 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $10,000, and received approximately $9,800 cash. |
| THIRTY-THREE | December 17, 2016 | Cashed check at Boothwyn Check Cashing, check number 2507 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $9,300, and received approximately $9,114 cash. |
| THIRTY-FOUR | January 12, 2017 | Cashed check at Boothwyn Check Cashing, check number 2527 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $10,000, and received approximately $9,800 cash. |
| THIRTY-FIVE | January 18, 2017 | Cashed check at Boothwyn Check Cashing, check number 2533 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $16,000, and received approximately $15,680 cash. |
| THIRTY-SIX | February 8, 2017 | Cashed check at Boothwyn Check Cashing, check number 2547 from Chase Bank account of Computechsale LLC ending in 2985 in the amount of $4,000, and received approximately $3,920 cash. |
| THIRTY-SEVEN | February 15, 2017 | Cashed check at Boothwyn Check Cashing, check number 1229 from Bank of America account of Softnetworks LLC ending in 5747 in the amount of $5,100, and received approximately $5,010.75 cash. |
| THIRTY-EIGHT | March 1, 2017 | Cashed check at Boothwyn Check Cashing, check number 1233 from Bank of America account of Softnetworks LLC ending in 5747 in the amount of $5,200, and received approximately $5,109 cash. |
| THIRTY-NINE | March 9, 2017 | Cashed check at Boothwyn Check Cashing, check number 1237 from Bank of America account of Softnetworks LLC ending in 5747 in the amount of $5,400, and received approximately $5,305.50 cash. |
| FORTY | March 23, 2017 | Cashed check at Boothwyn Check Cashing, check number 1241 from Bank of America account of Softnetworks LLC ending in 5747 in the amount of $7,300, and received approximately $7,172.25 cash. |

3.      When conducting the financial transactions described in paragraph 2 above, defendant JUSTIN DAVID MAY knew that the property involved in those financial transactions represented the proceeds of some form of unlawful activity.

22

4.      The financial transactions described in paragraph 2 above involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and defendant JUSTIN DAVID MAY acted with the knowledge that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNTS FORTY-ONE THROUGH FORTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  Paragraphs 1 through 45 of Count One are incorporated here.

2.  Paragraphs 1 through 25 of Count Two are incorporated here.

3.  On or about each of the following dates, in the Eastern District of
Pennsylvania and elsewhere, defendant

### JUSTIN DAVID MAY

did unlawfully transport, transmit, and transfer, and cause to be transported, transmitted, and

transferred, in interstate and foreign commerce, from the state of Pennsylvania to the State of

Delaware, the following goods, wares, and merchandise, each of a value of $5,000 or more,

knowing the same to have been taken by fraud.

| COUNT | DATE | FROM | TO | DESCRIPTION OF ITEM(S) |
|-------|------|------|-----|------------------------|
| FORTY-ONE | April 1, 2017 | Philadelphia, Pennsylvania | Wilmington, Delaware | One Cisco Model # WS-C3850-48UW-S, retail value approximately $14,500, previously shipped from Texas to Nevada via FedEx, tracking # 725509278820, and one Cisco Model # WS-C3850-48U-S, retail value approximately $14,000, previously shipped from Texas to Nevada via FedEx, tracking # 725509279919 |
| FORTY-TWO | November 7, 2017 | Springfield, Pennsylvania | Wilmington, Delaware | Two Microsoft Surface devices, shipped from Tennessee to Pennsylvania via UPS, tracking #s 1ZY549V70359968516 and 1ZY549V70359968472, respectively, with a combined retail value of approximately $5,400 |

| COUNT | DATE | FROM | TO | DESCRIPTION OF ITEM(S) |
|---|---|---|---|---|
| FORTY-THREE | November 8, 2017 | Springfield, Pennsylvania | Wilmington, Delaware | Two Microsoft Surface devices, shipped from Tennessee to Pennsylvania via UPS, tracking #s 1Z7549V70360037233 and 1Z7549V70360037199, respectively, with a combined retail value of approximately $5,400 |

All in violation of Title 18, United States Code, Section 2314.

## COUNT FORTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1.      During calendar year 2015, defendant JUSTIN DAVID MAY had no legitimate job.

2.      During calendar year 2015, defendant JUSTIN DAVID MAY earned substantial income from various fraud schemes in furtherance of which defendant MAY defrauded merchants into providing him with merchandise to which he was not lawfully entitled, and then selling that merchandise on eBay, Craigslist, and to third-party resellers.

3.      During calendar year 2015, defendant JUSTIN DAVID MAY received gross income of at least approximately $26,071.  Defendant MAY's gross income for 2015 exceeded the threshold required for filing either an individual income tax return with the IRS.

4.      On this gross income, defendant JUSTIN DAVID MAY owed to the United States of America federal income tax of at least approximately $1,905.

5.      From in or about January 1, 2014 through in or about April 2015, in the Eastern District of Pennsylvania, the District of Delaware, and elsewhere, defendant

**JUSTIN DAVID MAY**

a resident of the Wilmington, Delaware, willfully attempted to evade and defeat an income tax due and owing by him to the United States of America for the calendar year 2015 by failing to make an income tax return on or about April 15, 2016, as required by law, to any proper officer of the Internal Revenue Service, and by failing to pay to the Internal Revenue Service this income tax, and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income through various means, including, among other

26

thing:

            a.     by failing to file a federal income tax return with the IRS for

calendar year 2015 and failing to report the income he received during 2015;

            b.     by converting checks and money orders he received from his

scheme to defraud various merchants into cash by cashing them at a check cashing business;

            c.     by storing at his residence large amounts of cash obtained through

fraud;

            d.     by using cash to pay his personal living expenses;

            e.     by using false email addresses and names to conceal his

involvement in the schemes to defraud.

        All in violation of Title 26, United States Code, Section 7201.

27

## COUNT FORTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 through 46 of Count One are incorporated here.

2.     During calendar year 2016, defendant JUSTIN DAVID MAY received gross income of approximately $213,570.  Defendant MAY's gross income for 2016 exceeded the threshold required for filing either an individual income tax return with the IRS.

3.     On this gross income, defendant JUSTIN DAVID MAY owed to the United States of America federal income tax of at least approximately $50,592.

4.     From in or about January 1, 2015 through in or about April 2016, in the Eastern District of Pennsylvania, the District of Delaware, and elsewhere, defendant

### JUSTIN DAVID MAY

a resident of the Wilmington, Delaware, willfully attempted to evade and defeat an income tax due and owing by him to the United States of America for the calendar year 2016 by failing to make an income tax return on or about April 15, 2017, as required by law, to any proper officer of the Internal Revenue Service, and by failing to pay to the Internal Revenue Service this income tax, and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income through various means, including, among other thing:

a.     by failing to file a federal income tax return with the IRS for calendar year 2016 and failing to report the income he received during 2016;

b.     by converting the checks he received from his scheme to defraud Cisco as charged in Count One into cash by cashing them at a check cashing business;

c.     by storing at his residence large amounts of cash obtained through

28

the scheme to defraud Cisco as charged in Count One;

           d.     by using cash to pay his personal living expenses;

           e.     by using false email addresses and names to conceal his

involvement in a scheme to defraud Cisco as charged in Count One.

           All in violation of Title 26, United States Code, Section 7201.

## NOTICE OF FORFEITURE No. 1

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    As a result of the violations of Title 18, United States Code, Sections 1341 and 2314 set forth in this indictment, defendant

### JUSTIN DAVID MAY

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense, including but not limited to $2,506,196 in United States currency (money judgment).

    2.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of this Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

    All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and 28 U.S.C. Section 2461.

### NOTICE OF FORFEITURE No. 2

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     As a result of the violations of Title 18, United States Code, Section 1956 set forth in this indictment, defendant

### JUSTIN DAVID MAY

shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to $231,200 in United States currency (money judgment).

2.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred to, sold to, or deposited with a third party;

    c.     has been placed beyond the jurisdiction of this Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1).

**A TRUE BILL:**

_____

**GRAND JURY FOREPERSON**

**LOUIS D. LAPPEN**
**UNITED STATES ATTORNEY**