IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : 

v. : CRIMINAL NO. 18-26

**JUSTIN DAVID MAY** :

### GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Michael S. Lowe, Assistant United States Attorney, respectfully requests entry of an order of forfeiture, and, in support of this motion, the United States represents as follows:

1. On January 25, 2018, the grand jury for this district returned an indictment that charged Defendant Justin David May with violating Title 18, United States Code, Sections 1341, 3559(g), mail fraud (Counts One through Twenty-Four); Title 18, United States Code, Section 1956(a)(1)(B)(i), money laundering (Counts Twenty-Five through Forty); Title 18, United States Code, Section 2314, interstate transportation of goods obtained by fraud (Counts Forty-One through Forty-Three); and Title 26, United States Code, Section 7201, tax evasion (Counts Forty-Four and Forty-Five). The indictment also contained two Notices of Forfeiture. Notice of Forfeiture No. 1 alleged that the defendant's interest in certain property was forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of his violations of Title 18, United States Code, Sections 1341 and 2314.[1] Notice of Forfeiture No. 1 also provided notice that, in the event such property cannot be

---

[1] Notice of Forfeiture No. 2 alleged that the defendant's interest in certain property was forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of his violations of Title 18, United States Code, Section 1956.

- 1 -

located, the government would seek to recover substitute assets pursuant to Title 21, United States Code, Section 853(p).

2. On September 5, 2018, Defendant Justin David May plead guilty to Counts One through Twenty, Thirty-One through Forty, Forty-One through Forty-Three, and Forty-Four through Forty-Five of the Indictment.

3. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the defendant is required to criminally forfeit his interest in any property that constitutes, or is derived from, proceeds traceable to the commission of any offense that constitutes a "specified unlawful activity," as charged in Counts One through Twenty and Forty-One through Forty-Three of the Indictment.

4. Based upon the facts set forth in the government's plea memorandum, at the change of plea hearing, and in the record as a whole, the government avers that the sum of $299,587.00 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Counts One through Twenty and Forty-One through Forty-Three of the Indictment, and that the government has established the requisite nexus between such property and the offenses. This amount represents the value of proceeds the defendant obtained as a result of his commission of mail fraud and interstate transportation of goods obtained by fraud, and for which the United States may forfeit substitute assets. *See Honeycutt v. United States*, 137 S. Ct. 1626, 2017 WL 2407468 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9,

---

Because the fraud proceeds and laundered proceeds substantially overlap, the government is not seeking a concurrent forfeiture money judgment for the money laundering offense.

2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an order of forfeiture may be entered against the defendant for the full amount of the criminal proceeds).

5. The government, therefore, seeks an order of forfeiture for the $299,587.00 in proceeds that the defendant obtained as a result of his commission of mail fraud and interstate transportation of goods obtained by fraud. The government further avers and represents that it could establish by a preponderance of evidence that, due to the defendant's acts or omissions, the proceeds are not currently available to the government for forfeiture, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in Title 21, United States Code, Section 853(p) has been met. As a result, this Court should permit the government to seek the forfeiture of substitute assets up to the amount of the proceeds that the defendant obtained.

6. The government, therefore, seeks an order authorizing the United States to forfeit up to $299,587.00 in substitute assets from the defendant. 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(2).[2] The net proceeds from the sale of any property of the defendant located

---

[2] Title 21 U.S.C. § 853(p) provides that the government is entitled to the forfeiture of substitute property if, as a result of any act of the defendant, forfeitable property cannot be found upon the exercise of due diligence or has been transferred or deposited with a third party. Fed. R. Crim. P. 32.2(e)(1)(B) provides that the court may, at any time, amend an existing order of forfeiture to include substitute property. The government may forfeit substitute assets to satisfy a forfeiture money judgment. *See, e.g.*, *United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order for a sum of money that the defendant, by his act or omission, has prevented the government from tracing); *United States v. Moses*, No. 1:05-CR-133, 2010 WL 3521725, at *9 (D. Vt. Sept. 7, 2010) (any property not forfeited as proceeds or facilitating property may be forfeited as substitute assets to satisfy the money judgment); *United States v. George*, No. 1:09cr431, 2010 WL 1740814, at *3 (E.D. Va. Apr. 26, 2010) (defendant ordered to forfeit annuity payments she was entitled to receive for the next ten years as substitute asset in partial satisfaction of money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).

and forfeited to the government, shall, after any third-party claims to the property have been resolved and costs have been paid, be applied against the forfeiture amount, in partial satisfaction thereof.

7. The government requests authority to conduct discovery in accordance with Federal Rule of Criminal Procedure 32.2(b)(3) to identify and locate any additional assets subject to forfeiture. Because the government seeks only a forfeiture order in the amount of proceeds that the defendant obtained and does not seek the forfeiture of any specific asset at this time, advertisement of the order and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third party claims required where forfeiture does not include specific property).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Victim Witness

_____
MICHAEL S. LOWE
Assistant United States Attorney

Date: October 10, 2018.

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

Natasha Taylor-Smith
Federal Community Defender Office for EDPA
601 Walnut Street Suite 540W
Philadelphia, PA 19106

_____
MICHAEL S. LOWE
Assistant United States Attorney

Date: October 10, 2018