IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-26 |
| JUSTIN DAVID MAY | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of Defendant Justin David May's guilty plea as to Counts One through Twenty of the Indictment charging him with mail fraud, in violation of Title 18, United States Code, Section 1341, and as to Counts Forty-One through Forty-Three charging him with interstate transportation of goods obtained by fraud, in violation of Title 18, United States Code, Section 2314, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c), the defendant is required to criminally forfeit his interest in any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of such offenses, as charged in Counts One through Twenty and Forty-One through Forty-Three of the Indictment.

2. All property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the defendant's mail fraud and interstate transportation of goods obtained by fraud offenses is forfeited to the United States.

3. Based upon the facts set forth in the government's plea memorandum, those set forth at the change of plea hearing, and the record as a whole, the Court finds by a preponderance of the evidence that the sum of $299,587.00 represents the value of property that constitutes or is derived from proceeds traceable to the commission of the mail fraud and

interstate transportation of goods obtained by fraud offenses charged in Counts One through Twenty and Forty-One through Forty-Three that the defendant directly or indirectly obtained; and the government has established the requisite nexus between such sum and the defendant's offenses as charged in the Indictment.

        4.      The United States moves under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), to forfeit the $299,587.00 in proceeds that the defendant obtained as a result his commission of the offenses charged in Counts One through Twenty and Forty-One through Forty-Three of the Indictment. The motion is GRANTED. The United States is entitled to forfeit the $299,587.00 in proceeds that the defendant obtained as a result of his commission of the mail fraud and interstate transportation of goods obtained by fraud offenses charged in Counts One through Twenty and Forty-One through Forty-Three of the Indictment.

        5.      A money judgment in the amount of **$299,587.00** is hereby entered against the defendant.

        6.      The government has established, the Court finds, that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists. Because the defendant dissipated the $299,587.00 in proceeds that he obtained as a result of his commission of mail fraud and interstate transportation of goods obtained by fraud as charged in Counts One through Twenty and Forty-One through Forty-Three of the Indictment the United States is entitled to forfeit substitute assets equal to the value of the proceeds that were obtained by Defendant Justin David May as a result of his violations of Title 18, United States Code, Sections 1341 and 2314, and that such substitute assets shall not exceed the value of the proceeds that the defendant obtained.

7. Any property recovered from the defendant and forfeited by the government shall reduce the defendant's outstanding liability on the forfeiture money judgment amounts.

8. Upon entry of this Order, the Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

9. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

10. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

11. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this forfeiture Order to Federal Bureau of Investigation, the United States Marshals Service, and to counsel for the parties.

ORDERED this 3rd day of June, 2021, ~~2018.~~

/s/Joel H. Slomsky, J.
**HONORABLE JOEL H. SLOMSKY**
**United States District Judge**